AMERICAN SAMOA GOVERNMENT, Plaintiff,
v.
TAVILI (aka) STUCKA, Defendant.

High Court of American Samoa
Trial Division

CR No. 103-82

January 12, 1983

GARDNER, Chief Justice.

In this case the prosecution offered evidence by way of a forensic chemist that the substance found in the possession of the defendant was Marijuana. The defendant then offered evidence by an agronomist that marijuana is Cannabis and there are three recongnized types of Cannabis of which Cannabis Sativa L. is but one. Then, based on the fact that 13.1001 ASCA defines Marijuana as "all parts of the plant Cannabis Sativa L.," he moved for a dismissal on the grounds that there was no proof that the substance identified by the chemist as Marijuana was Cannabis Sativa L. That motion was denied and a proposed instruction to the same effect refused. I observed that the matter had been litigated thoroughly and that the contention was without substance. However, I chose not to delay a jury trial to research the matter. Nevertheless, counsel are entitled to an explanation of the basis for the court's ruling. That explanation follows.

The phrase Cannabis Sativa L. has uniformly been held to have the same popular or common meaning as Marijuana. Some botanical taxonomists consider Marijuana a polytypical plant and recognize as many as four species of Marijuana other than Cannabis Sativa L. Others hold that Marijuana is purely monotypic in species but with several varieties. Regardless of the merits of this scientific controversy, the United States Supreme Court has flatly held that there is only one species of Marijuana. Leary v. U.S., 395 U.S. 689, 77 S.Ct. 1532 (1957). Serious constitutional Due Process and Equal Protection problems arise with any other interpretation (People v. Van Alstyne, 46 Ca(3) 917, 121 Cal.Rep. 363). Therefore, the proper holding is that the term Cannabis Sativa L. must be contrued as a general term which includes all plants popularly known as Marijuana that contain the toxic agent THC (People v. Van Alstyne, supra, 46 Ca(3) 917, 121 Cal.Rep. 363; People v. Hamilton, 105 Ca(3) 117, 166 Cal.Rep. 153; People v. Spurlock, 112 Ca(3) 326, 169 Cal Rep. 320). Federal cases dealing with this subject reach the same conclusion (U.S. v. Walton, 514 F(2) 201, U.S. v. Honneus, 508 F(2) 566, and cases from other Federal circuits listed at page 155 of People v. Hamilton, supra, 166 Cal.Rep. 153).

In enacting 13.1001 ASCA the Legislature intended to proscribe

possession of all species of Marijuana. The evidence of the agronomist was irrelevant and should have seen objected to by the prosecution on that ground.